NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAY 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

S BAR B RANCH, a Montana
corporation,

   Plaintiff - Appellant,

  v.

OMIMEX CANADA, Ltd.,
a Delaware corporation,

   Defendant - Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 13-35466

D.C. No. 1:10-cv-00112-RFC

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Senior District Judge, Presiding

Argued and Submitted April 7, 2015
Seattle, Washington

Before: FERNANDEZ, RAWLINSON, and CALLAHAN, Circuit Judges.

S Bar B Ranch appeals the judgment in favor of Omimex Canada, Ltd.,

which followed the district court's grant of summary judgment on the contract and

fraud based claims brought by S Bar B.  We have jurisdiction pursuant to 28

---

 *This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

U.S.C. § 1291 and we affirm.

S Bar B sought to recover damages from Omimex on the basis that Omimex had improperly determined the royalty amount that it was required to pay to S Bar B for natural gas obtained from wells on S Bar B's property.[1] In this diversity action, the law of the State of Montana applies. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938). At the district court, S Bar B conceded that its claims failed if Montana applies the "at the well" rule to determine the royalties rather than the "first marketable product" rule.[2] The district court determined that Montana applied the "at the well" rule. We agree. As the Montana Supreme Court has said, "[t]he price to be paid is not to be an arbitrary price fixed by the lessee but the price actually given in current market dealings." Mont. Power Co. v. Kravik, 586 P.2d 298, 302 (Mont. 1978). The court explained, "lessor should receive no less and lessee pay no more than the current selling price of the gas." Id. at 303. Moreover, it declared, "[w]here no market exists in the field, . . . royalty may be computed upon receipts from the marketing outlet for the products, less the costs and expenses of marketing and transportation." Id. Those

---

[1]S Bar B also sought class action certification for itself and others similarly situated.

[2]S Bar B and Omimex reiterate that agreement on appeal.

statements, especially when taken with others in the court's discussion, show that the court adopted the "at the well" rule. See, e.g., Bice v. Petro-Hunt, L.L.C., 768 N.W.2d 496, 501–02 (N.D. 2009); Heritage Res., Inc. v. NationsBank, 939 S.W.2d 118, 122 (Tex. 1996); Sartor v. United Gas Pub. Serv. Co., 173 So. 103, 106–07 (La. 1937). It does not appear that the Montana courts have applied a different rule over the ensuing years. See, e.g., Rummel v. Altamont Oil & Gas, Inc., No. DV-07-64, slip op. at 4–8 (Mont. Dist. Ct. Oct. 15, 2010). As the parties have acknowledged, that disposes of this case; thus we need not and do not address the other issues raised before us on appeal.

AFFIRMED. Omimex is awarded its costs on appeal.